```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10  LANCE JETT,
11          Plaintiff,                    No. CIV S-02-2036 GEB JFM P
12       vs.
13  M. PENNER, et al.,
14          Defendants.                   ORDER
15  _____/
```

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17  42 U.S.C. § 1983. Pursuant to court order, this matter came on for discovery conference on

18  December 14, 2006. Frank Riebli, Esq. appeared as counsel for plaintiffs. James Walter, Deputy

19  Attorney General, appeared as counsel for defendants. Jeffrey Townsend, Esq. appeared as

20  counsel for third party California Department of Corrections and Rehabilitation (CDCR).

21          This matter was set for discovery conference following hearing on plaintiff's

22  motion to compel production of documents subpoenaed from third party CDCR. At the time of

23  that hearing it appeared the parties were still in the process of resolving the issues raised in the

24  motion. Accordingly, resolution of the matter was deferred to the time of the discovery

25  conference set herein.

26  /////

The parties and third party CDCR filed statements in advance of the conference. Therein, plaintiff withdrew his motion as to one of the disputed requests. In all other respects, it was apparent from the statements that subsequent discovery had heightened the outstanding disputes and that the parties were no closer to resolution thereof than at the time of the hearing.

Remaining in dispute are plaintiff's request numbers 8, 11, 12, 13, 14, 15 and 16. By request # 8, plaintiff sought all documents related to any grievances filed by plaintiff. CDCR objected to the request on several grounds and has produced no records. One of the objections raised by CDCR focuses on the fact that plaintiff's request is not limited to grievances arising from the events at bar. In addition, at the discovery conference, counsel for both plaintiff and CDCR represented that copies of several documents related to grievances filed by plaintiff are appended to the original complaint filed in this action. After consideration of the arguments of the parties, and good cause appearing, the parties will be directed to meet and confer for the specific purpose of ascertaining the authenticity of the grievances and responses thereto that are presently in the possession of plaintiff's counsel. In addition, following said conference counsel for CDCR shall determine whether there are any additional documents in the possession of CDCR or any of its agents, including but not limited to appeals coordinators at California State Prison-Sacramento, that relate to any grievance filed by plaintiff arising from the events that are the subject of the claims raised in this action. If any further such documents exist, they shall be produced to counsel for plaintiff before the time set for further discovery conference in this order. If no such documents exist, counsel for CDCR shall serve on plaintiff a proper discovery response so attesting.

By requests number 11 and 12, plaintiff sought "documents sufficient to determine any policies and procedures related to inmates obtaining" medical care and specialist care. CDCR produced a 19 page handbook called "Inmate-Patient Orientation Handbook to Healthcare Services" dated January 2006, and nothing else. In the discovery conference statement, plaintiff represents that at least one deponent has testified to the existence of policies

and procedures responsive to the request that have not been produced. At the time of the hearing, counsel for CDCR represented that his clients have informed him that no further documents responsive to this request exist and that any documents referred to in deposition are in the personal possession of the deponent.

The parties are hereby cautioned that preclusion orders may be issued limiting the right of defendants to offer at trial any evidentiary material sought but not produced during discovery. All parties, including defendants and third party CDCR, will be directed to meet and confer with counsel for plaintiff concerning the existence or lack thereof of any further documents responsive to this request. At the conclusion of that conference, counsel for CDCR shall serve on plaintiff an appropriate further response to these two requests. The further response shall be made under penalty of perjury by a person or persons in a position to know whether such documents exist and whether a diligent search has been made.

By request # 13, plaintiff seeks documents sufficient to learn the name of every physician, nurse, radiologist or therapist who participated in his health care. By the time of the discovery conference, this issue had narrowed to the identity of a physical therapist identified only by the name "Holly." Not later than January 4, 2007, CDCR shall take all steps necessary to determine the identity of this individual, including but not limited to examination of CDCR's pay records and shall serve an appropriate supplemental response on counsel for plaintiffs.

By request # 14, plaintiff seeks documents that show defendant Penner and Peterson's work schedules in 2001 and 2002. CDCR has not produced any documents. Dr. Peterson has individually produced his work schedule. With the exception of their claim of privilege, CDCR's objections to this request are without merit and, as to the claim of privilege, CDCR has not met its burden of demonstrating any privilege for these records. CDCR will be directed to forthwith produce all documents responsive to this request.

Finally, by requests #15 and 16, plaintiff sought documents evidencing inmate grievances against defendants Penner and Peterson related to the provision of health care. CDCR

objects on the ground, <u>inter alia</u>, that they do not keep records in a way that would allow them to be searched by physician.  No further response will be required.

In the discovery statements, the parties described other areas of possible dispute, including service of additional interrogatories or the taking of a second deposition of plaintiff. The parties shall report to the court on the status of these matters at the further discovery conference set in this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 13, 2006 motion to compel is granted in part and denied in part in accordance with the provisions of this order.

2. This matter is set for further discovery conference at the time of the hearing on plaintiff's December 8, 2006 motion to compel, presently set for hearing on January 4, 2007.

3. The parties shall meet and confer in accordance with the requirements of this order and serve all further responses as required by this order so as to be completed by the time of the further discovery conference set herein.

DATED:  December 15, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
jett2036.o