IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE JETT,

        Plaintiff,                    No. CIV S-02-2036 GEB JFM P

    vs.

M. PENNER, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding through counsel se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter came on for hearing on January 4, 2006 on plaintiff's motion to compel compliance with a Rule 45 subpoena issued to the California Department of Corrections and Rehabilitation (CDCR) for production of plaintiff's central file.[1][2] Anthony P. Schoenberg, Esq. appeared as counsel for plaintiff. James Walter, Deputy Attorney General, appeared as counsel for defendants. Jeffrey Townsend, Esq. appeared as counsel for the CDCR.

        On November 3, 2006, plaintiff served on William O. Huddleston, the Litigation Coordinator at Kern Valley State Prison, a subpoena to produce a complete copy of plaintiff's

---

[1] The CDCR is not a party to this action.

[2] This matter was also set for further discovery conference on the same day. Outstanding issues from the conference will be resolved by separate order.

central file.  (See Document # 98, filed January 5, 2007.)  On November 27, 2006, CDCR served an objection to the subpoena, contending that the request was "vague, ambiguous, overbroad and burdensome in that a multitude of potentially responsive documents are being sought."  (See Joint Statement Re Discovery Disputes, filed December 29, 2006, at 2.)  The CDCR also asserted absolute and conditional privileges, and stated that the request "lacked specificity."  (Id.)  Plaintiff filed the instant motion on December 8, 2006.

The CDCR now contends that it is entitled to sovereign immunity under the Eleventh Amendment and that said immunity bars enforcement of the instant Rule 45 subpoena.  Plaintiff contends that the CDCR has waived any claim of immunity by producing documents in response to plaintiff's first subpoena,[3] failing to assert the Eleventh Amendment as a defense to plaintiff's motion to compel compliance with his first subpoena, and failing to raise the Eleventh Amendment in its objections to the present subpoena.

In support of its claim to immunity, the CDCR relies on Estate of Gonzalez v. Hickman, __ F.Supp.2d __, 2006 WL 3770978 (E.D.Cal. 2006).  In Gonzalez, the district court held that Rule 45 subpoenas issued to the state of California could not be enforced because state was entitled to sovereign immunity under the Eleventh Amendment.  Id. at 4.  The court held that the provisions of California Government Code § 68097.1(b) did not constitute a waiver of sovereign immunity, and that the exception to Eleventh Amendment immunity set forth in Ex Parte Young, 209 U.S. 123 (1908), did not apply.

In the instant case, the court need not reach the question of whether Eleventh Amendment immunity protects a state or its agencies from enforcement of a Rule 45 subpoena because the CDCR has waived any claim to sovereign immunity from enforcement of a subpoena for production of plaintiff's central file in this action.

---

[3] Plaintiff has served two Rule 45 subpoenas on the CDCR, seeking different documents by each.  The first subpoena also resulted in a motion to compel, which was resolved by order filed December 18, 2006.

1    In <u>United States v. James</u>, 980 F.2d 1314 (9th Cir. 1992), the United States Court
2 of Appeals for the Ninth Circuit held that an Indian tribe was entitled to immunity from
3 enforcement of a subpoena *duces tecum* issued by federal district court in criminal proceedings,
4 but that the tribe "expressly waived its immunity as to relevant documents in the possession" of
5 one of its agencies "by voluntarily providing the Government with documents relevant to the
6 case. (<u>Id</u>. at 1320.) The court of appeals held that the tribe could not "selectively provide
7 documents and then hide behind a claim of sovereign immunity when the defense requests
8 different documents from the same agency." (<u>Id</u>.)
9    The record reveals that records from plaintiff's central file have been provided to
10 defendants during the course of this action. (<u>See</u> Exs. C, D, and E in Support of Defendants'
11 Motion for Summary Judgment, filed July 11, 2003.) The CDCR cannot provide documents
12 from plaintiff's central file to defendants in this action and then claim sovereign immunity when
13 plaintiff seeks documents in that file. <u>See</u> <u>James</u>, <u>supra</u>.
14    The CDCR also contends that it is not required to comply with the subpoena
15 because the subpoena required production in San Francisco, more than 100 miles from the
16 location of the file. Rule 45(c)(3)(A) authorizes a court to, "on timely motion, . . . quash or
17 modify" a subpoena that "requires a person who is not a party or an officer of a party to travel to
18 a place more than 100 miles from the place where that person" is located, and Rule 45(e)
19 provides that "[a]n adequate cause for failure to obey exists when a subpoena purports to require
20 a non-party to attend or produce at a place within the limits" set forth in Rule 45(c)(3)(A)(ii).
21 Rule 45(c)(2)(A) specifically provides that "[a] person commanded to produce and permit
22 inspection and copying of designated books, papers, documents or tangible things, . . . need not
23 appear in person at the place of production or inspection unless commanded to appear for
24 deposition, hearing or trial." As a general proposition, these provisions are intended to protect a
25 non-party from "significant expense resulting from involuntary assistance to the court."
26 (Advisory Committee Notes to 1991 Amendment to Fed. R. Civ. P. 45.) At the hearing, plaintiff

represented that he has tendered the cost of production of his central file. At the hearing, counsel for the CDCR stated that he had a copy of the file in his possession at that time. There is no requirement that any person travel to San Francisco to deliver the file, and the CDCR is not excused from compliance with the subpoena on the ground that the central file is located more than 100 miles from San Francisco.

The CDCR also contends that the subpoena is overbroad and should be limited to documents referred to by plaintiff's counsel in a letter sent to counsel for the CDCR with the subpoena. This argument is simply without merit. The subpoena is clear: it seeks production of plaintiff's central file. Whether or not counsel engaged in discussions identifying particular documents of interest in that file is irrelevant to the scope of the subpoena to be enforced by this court.

Finally, the CDCR asserted several privileges in its objection to the subpoena. The CDCR has not complied with the requirements of Rule 45(d)(2) with regard to a claim of privilege. However, the court is aware that inmate central files often contain documents that are appropriately deemed confidential, and plaintiff has tendered a proposed protective order to govern review and use of the documents contained in plaintiff's central file. Good cause appearing, the parties will be granted a period of five days in which to attempt to craft and present to the court a proposed protective order.

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's December 8, 2006 motion to compel is granted.

2. Within ten days from the date of this order the CDCR shall comply with the Rule 45 subpoena served by plaintiff on November 3, 2006 by producing a complete copy of plaintiff's central file to plaintiff's counsel of record.

/////

/////

/////

3. Plaintiff and the CDCR are granted five days in which to attempt to craft a mutually acceptable proposed protective order governing review and use of the documents in plaintiff's central file. In any event, after five days the court will issue a protective order governing review and use of the documents in plaintiff's central file.

DATED: January 11, 2007.

UNITED STATES MAGISTRATE JUDGE

12
jett2036.mtc2