IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE JETT,

      Plaintiff,                      No. CIV S-02-2036 GEB JFM P

    vs.

M. PENNER, et al.,

      Defendants.          <u>ORDER</u>

                            /

        Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. This matter came on for hearing on November 16, 2006 on plaintiff's motion for leave to amend the complaint.[1] Frank J. Riebli, Esq., appeared as counsel for plaintiff.[2] James W. Walter, Deputy Attorney General, appeared as counsel for defendants. Jeffrey Townsend, Esq. appeared as counsel for the California Department of Corrections and

/////

---

[1] The court also heard argument on plaintiff's October 13, 2006 motion to compel. That motion was resolved by order filed December 18, 2006.

[2] Plaintiff filed this action pro se and proceeded pro se in this court through March 2004, when summary judgment was granted for defendants. In April 2006, the United States Court of Appeals for the Ninth Circuit reversed the grant of summary judgment and remanded the matter to this court. On May 10, 2006, counsel for plaintiff filed a notice of appearance on plaintiff's behalf.

1

Rehabilitation.  At the close of the hearing, the court made an oral ruling granting the motion.  This written order follows the oral ruling.

In his original complaint, plaintiff claims that defendants violated his rights under the Eighth Amendment by acting with deliberate indifference to his serious medical needs by failing to provide treatment for a broken hand and thumb.  Plaintiff also raises a pendent state law claim under California Government Code § 845.6.  Plaintiff seeks to amend his complaint to add a claim for medical malpractice arising from the same set of facts.  Defendants oppose the motion on the grounds that (1) plaintiff has unreasonably delayed bringing a medical malpractice claim; (2) defendants are prejudiced by the delay; and (3) amendment would be futile due to plaintiff's failure to comply with the requirement of California Code of Civil Procedure § 364 that he give notice to the doctor defendants 90 days before bringing a medical malpractice claim, and the claim was filed beyond the six month state statute of limitations for such claims.

Rule 15 of the Federal Rules of Civil Procedure requires that leave to amend be freely given when justice so requires.

> Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987). Additionally, the district court may consider the factor of undue delay.  See id.  Undue delay by itself, however, is insufficient to justify denying a motion to amend.  See id.

Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999).  After careful review of the record herein, including the papers filed in support of an opposition to the motion, the court finds that the proposed amendment will cause neither undue delay in the resolution of this action, nor cognizable prejudice to defendants.

The proposed medical malpractice claim arises from the same set of facts set forth in plaintiff's original complaint and the record does not show that defendants will suffer the kind of prejudice resulting from the addition of this theory of liability that would warrant denial of leave to amend.  While the additional claim may require defendants to conduct further discovery,

1  defendants have had time to do so under the operative scheduling order.  (See Revised
2  Scheduling Order filed July 28, 2006.)
3        Defendants also contend that amendment is futile because plaintiff did not file suit
4  within six months of the rejection of his tort claim by the State Victims Compensation Board, as
5  required by California Government Code § 945.6.
6        State law supplies the statute of limitations for plaintiff's medical malpractice
7  claim.  See Norco Const., Inc. v. King County, 801 F.3d 1143, 1145 (9th Cir. 1986).  Where, as
8  here, plaintiff's claim is brought against public employees, California Government Code § 945.6
9  provides the operative statute of limitations for plaintiff's medical malpractice claim.  See Silva
10 v. Crain, 169 F.3d 608, 611 (9th Cir. 1999) (Cal. Gov't Code § 945.6 is "a separate freestanding
11 statute of limitations which applies when claims are presented to public agencies.")  Under that
12 section, plaintiff had six months from the rejection of his state tort claim by the State Victims
13 Compensation and Government Claims Board to bring his medical malpractice claim.  See
14 Sofranek v. Merced County, 146 Cal.App.4th 1238, 1242-43 (Cal.App. 5 Dist. 2007).  Plaintiff
15 did not, however, raise his medical malpractice claim until over four years after this action was
16 filed, well after expiration of that six month period.
17       Plaintiff contends that his medical malpractice claim is timely under the relation
18 back doctrine.  California's rules on relation back apply in this action.  See Cabrales v. County of
19 Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).  Under California law, an "'amended
20 complaint will be deemed filed as of the date of the original complaint provided recovery is
21 sought in both pleadings on the same general set of facts. . . .'"  Lamont v. Wolfe, 142
22 Cal.App.3d 375, 378 (Cal.App. 2 Dist. 1983) (quoting Austin v. Massachusetts Bonding &
23 Insurance Co., 56 Cal.2d 596, 600 (1961).)  In Lamont, the court noted that the Austin court
24 "cited with approval the federal rules formula" set forth in Fed. R. Civ. P. 15(c).  Lamont, at 378-
25 79.
26 /////

1       Plaintiff's medical malpractice claim arises from the same set of operative facts as
2 the Eighth Amendment claim raised in plaintiff's original complaint: defendants' alleged failure
3 to properly treat his right thumb after it was fractured in October 2001. Plaintiff's medical
4 malpractice claim relates back to the filing of the original complaint and is not time-barred.
5       Finally, defendants contend that amendment is futile because plaintiff did not
6 provide written notice to either doctor 90 days before this action was filed, as required by
7 California Code of Civil Procedure § 364. That section is not jurisdictional and any alleged
8 violation of its requirements "does not invalidate court proceedings." Edwards v. Superior
9 Court, 93 Cal.App.4th 172, 179-80 (Cal.App. 2 Dist., 2001) (citing Preferred Risk Mutual Ins.
10 Co. v. Reiswig, 21 Cal.4th 208, 213-14 (1999).
11       For all of the foregoing reasons, in accordance with this court's oral ruling of
12 November 16, 2006, IT IS ORDERED that plaintiff's October 3, 2006 motion to amend is
13 granted nunc pro tunc to November 16, 2006.
14 DATED: March 8, 2007.

UNITED STATES MAGISTRATE JUDGE

12
jett2036.mta