IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE JETT,

        Plaintiff,                          No. CIV S-02-2036 GEB JFM P

    vs.

M. PENNER, et al.,                   <u>ORDER AND</u>

        Defendants.              <u>REVISED SCHEDULING ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to court order, this matter came on for telephone conference on March 13, 2007 on defendants' request to amend the scheduling order and to resolve the matter of production of plaintiff's central file. Frank J. Riebli, Esq. participated as counsel for plaintiff. James W. Walter, Deputy Attorney General, participated as counsel for defendants. Jeffrey R. Townsend, Esq., participated as counsel for the California Department of Corrections and Rehabilitation.

        After review of the relevant parts of the record herein and consideration of the arguments of counsel, and good cause appearing, THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:[1]

---

[1] The orders set forth in paragraphs 1-6 and 8, <u>infra</u>, were announced to the parties at the conclusion of the telephonic hearing. The order set forth in the last line of paragraph 6 and in

1

1. The California Department of Corrections has been given repeated opportunities to show that some or all of the documents in plaintiff's central file should be treated as confidential and has failed to make any such showing. Accordingly, plaintiff's complete central file will be produced for inspection and copying on or before the close of business on Friday, March 16, 2007. The documents and/or copies produced pursuant to this order shall be used solely for purposes of this litigation.

2. Defendants' February 22, 2007 request for amendment of the scheduling order is granted.

3. The following non-expert discovery remains outstanding: the set of interrogatories served by defendants on plaintiff; the deposition of Lieutenant R. M. Hill; and the subpoena duces tecum to Ms. Elaine Hill. Said discovery, and any motions to compel compliance therewith, shall be completed within sixty days from March 13, 2007. As used in this order, "completed" means that any motion to compel related to the outstanding discovery shall be filed and noticed for hearing in accordance with the Local Rules of this Court so that such motion is heard not later than sixty days from march 13, 2007.

4. Expert discovery shall be completed on the schedule already agreed to by the parties and set herein, that is, experts shall be disclosed on or before May 24, 2007 and expert depositions completed within ten days thereafter.

5. Law and motion is reopened. All pretrial motions, except motions to compel discovery, shall be filed not later than thirty days from March 13, 2007. Any such motion shall be noticed for hearing on this court's regular law and motion calendar and briefed pursuant to Local Rule 78-230.

/////

/////

---

paragraph 7 reiterates requirements set forth in the court's previous scheduling order filed July 28, 2006.

1       6. The final pretrial conference is continued from April 16, 2007, at 2:30 p.m. to
2 July 23, 2007 at 2:30 p.m. in Courtroom # 10 before the Honorable Garland E. Burrell, Jr.  The
3 lead attorney who will try the case for each party shall attend the final pretrial conference.

4       7. The parties shall file a joint pretrial statement with the district court not later
5 than seven (7) days prior to the final pretrial conference.[2]  The joint pretrial statement shall
6 specify the issues for trial.  The district court uses the parties' joint pretrial statement to prepare
7 its final pretrial order and could issue the final pretrial order without holding the scheduled final
8 pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
9 requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the
10 pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in
11 pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.
12 Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues
13 not preserved in the pretrial order are eliminated from the action."); Valley Ranch Dev. Co. v.
14 F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial
15 order is waived, even if it appeared in the pleading); cf. Raney v. District of Columbia, 892 F.
16 Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-
17 pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D.
18 La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or
19 defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be
20 deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers
21 previously filed [in the action]").  If possible, at the time of filing the joint pretrial statement
22 /////

23
---

24    [2] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation
25 to timely file the document in accordance with this order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration
26 explaining why they were unable to obtain the cooperation of the other party.

counsel shall also email it in a format compatible with WordPerfect to:

geborders@caed.uscourts.gov.

      8.  Jury trial is continued from July 24, 2007 at 9:00 a.m. to September 18, 2007 at 9:00 a.m. before the Honorable Garland E. Burrell, Jr.

DATED:  March 14, 2007.

                              UNITED STATES MAGISTRATE JUDGE

12
jett2036.41rev3